UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

No. 6:23-cv-00384

**Kevin James Kohute,**
*Plaintiff,*

v.

**The United States of America Federal Eastern District Court Clerk,**
*Defendant.*

**O R D E R**

Plaintiff Kevin James Kohute filed this action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights. Doc. 1. The case was referred to United States Magistrate Judge K. Nicole Mitchell pursuant to 28 U.S.C. § 636(b).

On April 25, 2024, the magistrate judge issued a report recommending that the complaint be dismissed with prejudice for failure to state a claim. Doc. 5. The report was mailed to plaintiff and returned with the notation "addressee unknown." Doc. 6. Plaintiff has not filed written objections or provided a current address.

The Local Rules state that a pro se litigant "must provide the court with a physical address . . . and is responsible for keeping the clerk advised in writing of his or her current physical address." Local Rule CV-11(d); see also *Anderson v. Munger*, No. 5:17-cv-00175, 2019 WL 2929056, at *1 (E.D. Tex. July 8, 2019) ("The Court has no duty to locate litigants . . . .").

When a party fails to object to a magistrate judge's report, the court reviews the record only for clear error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1420 (5th Cir. 1996). Having reviewed the magistrate judge's report, and being satisfied that it contains no clear error, the court accepts its findings and recommendation. Plaintiff's action is dismissed with prejudice. Any pending motions are denied as moot.

Consistent with the court's sanction previously imposed, *see Kohute v. Nat'l Rifle Ass'n*, No. 6:24-cv-00475 (E.D. Tex. Jan. 29, 2025), the clerk shall not accept any new lawsuits from Kevin Kohute unless such lawsuit is filed by an attorney licensed to practice in the U.S. District Court for the Eastern District of Texas and the filing fee is paid at the outset of the case.

Kohute is further cautioned that, should he continue to file frivolous documents in violation of his sanctions, the court will impose additional sanctions against him, including potential monetary sanctions. *See Jackson v. Carpenter*, 921 F.2d 68, 69 (5th Cir. 1991) (cautioning a pro se prisoner that the continued abuse of the legal system "will trigger increasingly severe sanctions, including the ultimate denial of access to the judicial system absent specific prior court approval").

*So ordered by the court on February 7, 2025.*

J. CAMPBELL BARKER
United States District Judge